NEW-YORK PRACTICE REPORTS. 183

Brewster agt. The Michigan Central Rail Road Company.

5 How. 183-CRITICISED, 30 Barb. 159; 20 How.
62. FOLLOWED, 13 Hun 150, 152.

## SUPREME COURT.

### BREWSTER agt. THE MICHIGAN CENTRAL RAIL ROAD COMPANY.

To authorize legal service of summons and complaint upon a foreign corporation, where it is made upon its *managing agent* in this state (under § 134 of the Code). The managing agent must be one whose agency extends to *all* the transactions of the corporation—one who has, or is engaged in, the management of the corporation in distinction from the management of a particular branch or department of its business.

' Where service of a summons is made upon a proper officer of a foreign corporation—no attachment having been issued and no voluntary appearance by the corporation—the courts of this state do not get jurisdiction of the defendant, so as to render a personal judgment (Hulbert agt. The Hope Mutual Ins. Co., 4 *How. Pr. R.* 275). The extent of their power, is, to subject the property and effects of such corporation within this state, to the payment of its debts by a judgment *in rem*, after such property and effects have been attached, according to the directions of *ch. 4 of tit. 7 of the Code.*

*Monroe Special Term, Oct.* 1850. *Motion on the part of the defendant to set aside the judgment and execution and all proceedings subsequent to the issuing of the summons and complaint.* The defendant is a foreign corporation created by the laws of Michigan. The action was commenced by summons and complaint, which the plaintiff claims was on the 17th day of May 1850, served upon the managing agent of the defendant in the city of Buffalo. On the 12th day of June following, the plaintiff perfected judgment against the defendant generally in the clerk's office of Monroe county, upon an affidavit of service of the summons and complaint and that no answer had been received, for $322·00, together with $7·50 costs. The affidavit stated "that the deponent did, on the 17th day of May last serve upon the Michigan Central Rail Road Company, defendant in the foregoing action, the foregoing sum-

mons and complaint. That such service was made on the dock by the warehouse and office of such defendant in the city of Buffalo, by handing them there to John G. Reed, the managing agent of such defendant in Buffalo, a copy of such summons and complaint. That this deponent knew the said Reed to be the managing agent of such defendant described in said summons and complaint by inquiry and information, as well as by a brief acquaintance with him, and seeing him engaged in conducting the business of said defendant; and this deponent not only delivered said copy summons and complaint to him, but left the same with him and in his keeping," &c.

The complaint was upon a contract and demanded judgment for $322·00. The judgment was entered by the clerk without proof and without any reference to ascertain the amount due and without issuing a writ of inquiry.

On the 17th day of June 1850, an execution was issued upon the judgment against the property of the defendant generally, to the sheriff of Erie county; no attachment has been issued in the action in pursuance of ch. 4 of title 7 of the Code. This motion was founded upon the judgment roll, together with affidavits of John G. Reed, upon whom the summons and complaint were served, and others.

Reed states in his affidavit that he was not, at the time the summons and complaint were served, and never has been, the managing agent or any officer of the defendant. That he never has had any agency for or been in the employment of the defendant, excepting as follows: That at the time of making the affidavit (2d July 1850), and for more than a year then last past, there has been a voluntary association called " The Michigan Central Rail Road Line," composed of the defendant and Eber B. Ward and Samuel Ward, whose business consists of running steam boats for carrying passengers and freight on Lakes Erie and Michigan. That at the time of the service of the summons and complaint, he the said Reed, was and still is the agent of the said association at Buffalo for the purpose of conducting so much of its business at Buffalo as relates to carrying passengers,

and for no other purpose. That for the freight business of said association there was another person who was then and still is the agent of said association at Buffalo, and that for the different branches of the business of said association there were then and now are various persons acting as its agents at various ports on the lakes aforesaid.

Affidavits are produced on the part of the plaintiff tending to show that Reed was in the employment of and paid by the defendant in his agency for the " Michigan Central Rail Road Line," which is alleged to be not a partnership, but an arrangement between the defendant, owning the Michigan Central Rail Road in the state of Michigan and the steamer May Flower, one of the boats in the line, and Messrs. Ward and others, owning the other steamers in the line. That there has been no community of interest between the parties to tne association, the defendant receiving the earnings of the rail road and the steamer Mayflower, and the owners of the other steamers of the line receiving their earnings. In the counter affidavits Reed is spoken of as managing agent at Buffalo of the defendant, and it is alleged that he admitted himself to be such managing agent.

JAS. M. SMITH, *for Defendant.*

E. A. HOPKINS, *for Plaintiff.*

WELLES, Justice.—The service of the summons and complaint in this case is supposed by the plaintiff's counsel to have been in pursuance of § 134 of the Code. That section provides that if the suit be against a corporation, the summons shall be delivered to the president, or other head of the corporation, secretary, cashier, *or managing agent thereof.* The service in question was upon an individual, who assuming the facts as contended for by the plaintiff, was at most an agent for the defendant in a particular department of its operations, and whose powers must have been comparatively very much limited in their scope and object, and probably confined to the particular department of the business in which he was employed. It seems to me he can not

24

be regarded as a *managing agent* of the corporation within the meaning of the section of the Code referred to. He was not a managing agent of the corporation. The most that can be said of him is that he was employed in a particular branch of the business transacted by the defendant, with powers to employ other persons as assistants, and perhaps with other incidental powers to enable him to carry into effect the general object of his particular agency; and perhaps also with powers to bind the defendant by his contracts. But it seems to me all this could never constitute him a managing agent of the defendant in such a sense as to render service of the summons upon him a good commencement of an action against the defendant. Every employment of another is an agency in the general sense of the term; and whenever such employment is accompanied by any discretion in the agent, he may be said to be, in such general sense, a managing agent.

An attorney for a bank or other corporation has demands put into his hands to collect, with discretionary power in regard to their management, as when and how to prosecute, or to compromise for the same, &c. &c. In such case the attorney for the bank would be as much the managing agent of the corporation appointing him as Reed in this case was the managing agent of the defendant. They were both in the employment of their principals and both had certain discretionary powers. The attorney was the managing agent of his employer in collecting or securing the demands put into his hands, and Reed was the managing agent of the defendant to procure business for the line of steamers and the rail road; and yet it could be pretended that an action could be commenced against the bank or other corporation in the case supposed by service of the summons on the attorney? Most clearly not. The managing agent upon which the summons may be served, must be one whose agency extends to all the transactions of the corporation; one who has or is engaged in the management of the corporation, in distinction from the management of a particular branch or department of its business.

This, I apprehend, is the only safe rule that can be adopted; once depart from it, and I see not why a suit may not be commenced against a corporation by serving the summons on any one who has, at the time, the most trifling agency committed to him; no matter how special or limited, provided he be vested with any discretion to manage the business of his agency. A merchant in Detroit on going to New York might be authorized by this defendant to contract in its name for an iron safe, with discretion as to kind, price, and time of payment. He, for the time being, would be a managing agent, and if the construction contended for be correct, service of the summons upon him would be a good commencement of an action against the defendant. Illustrations might be multiplied indefinitely, to show the danger and impropriety of such a latitudinary interpretation of the statute. I am clearly of the opinion that the service of the summons and complaint in this case upon Reed as the managing agent of the defendant was irregular and void.

This view of the case is sufficient to dispose of the motion; but there is another, in my judgment, equally fatal to the plaintiff's proceedings. The defendant is a corporation created by the laws of the state of Michigan. The judgment entered is a general one, in the nature of a judgment *in personam* against the defendant, and the execution is issued against the property of the defendant generally. Under it the sheriff is bound to take any property of the defendant, real or personal, which he can find in his bailiwick, sufficient to make the amount. No attachment has been issued, and there has been no voluntary appearance of the defendant in the action. In Hulburt vs. The Hope Mutual Ins. Co. (4 *How. Pr. R.* 275), Mr. Justice SILL has shown in a very able and clear opinion, that in such a case, the courts of this state can not obtain jurisdiction of the defendant so as to render a personal judgment. The extent of power of the court over a foreign corporation where there has not been a voluntary appearance in the action, is to subject the property and effects of such corporation within this state to the payment of its debts, by a judgment *in rem* as to such property and effects, after the same

has been attached, before the judgment is rendered, according to the directions of ch. 4 of title 7 of the Code.

The service of the summons with all subsequent proceedings on the part of the plaintiff, including the judgment and execution, must be set aside with $10 costs.