## UPPER MISSISSIPPI TRANSPORTATION COMPANY VS. WHIT-TAKER.

The captain of a steam boat belonging to a foreign corporation, but transacting business on the waters of this state, is not "a managing agent" of such corporation, within the meaning of the statute allowing process to be served on the "managing agent of a corporation." The statute refers to an agent having a general supervision over the affairs of the corporation.

A special appearance by a defendant for the sole purpose of moving to set aside the service of the summons, is not a waiver of the defect objected to, and if the court on over-ruling such motion, added a provision to the order giving the defendant ten days time to answer, and staying judgment in the meantime, it not appearing that such provision was asked for by the defendant, such provision does not give any additional effect to the special appearance, nor justify the conclusion that the defendant waived his objection.

If such provision was incorporated in the order over-ruling the motion to dismiss, on application of the defendant, it was a waiver of previous defects in the service of the process, and an appearance in the cause.

An order affecting the judgment is a part of the record, and may be looked into to sustain the judgment, against an objection for want of service, if it contains recitals showing an appearance by the defendant.

ERROR to the Circuit Court for *Rock* County.

The facts in this case are sufficiently stated in the opinion of the court.

*Collins, Atwood & Haskell,* for plaintiff in error.

*J. A. Sleeper,* for defendant in error.

*By the Court,* PAINE, J. The plaintiff in error is a for-

eign corporation organized under the laws of Illinois. It was sued in this state by the defendant in error, and the summons was served by delivering a copy to the captain of a steamboat belonging to the company, while employed in transacting its business on the Mississippi river, within the limits of this state. The defendant below appeared by its attorneys for the purpose of the motion only, and moved to set aside the service of the summons. This motion was overruled, and at the time of overruling it, the court, in the same order, provided that the defendant might have ten days in which to answer, or appeal, from the order, and that the entry of judgment by the plaintiff be stayed in the mean time. Judgment was afterwards entered by the plaintiff, upon an affidavit that the defendant had neither appeared, answered nor demurred; and from that judgment the case is brought here by a writ of error.

The first question presented is, whether there was a sufficient service? And this depends on the question whether the captain of the steamboat was the "managing agent" of the company, within the meaning of the statute authorizing a service upon the "managing agent" of a corporation. We think he was not, but that this statute relates to an agent having a general supervision over the affairs of the corporation. This conclusion is sustained by the following cases, which we think correctly state the law upon this point: *Brewster vs. R. R. Co.*, 5 How. Pr., 183; *Flynn vs. R. R. Co.*, 6 id., 309.

Neither can we bring ourselves to the conclusion that the defendant below did anything that ought to be construed as a waiver of this defect, as urged by the counsel for the plaintiff. It is undoubtedly true that an appearance to the action waives any defect in the process. But it is equally true that a special appearance solely to object on account of a defect, is not a waiver of it. *Ames vs. Windsor*, 19 Pick., 247; *Nye vs. Liscombe*, 21 id., 263; *Hearsey vs. Bradbury*, 9 Mass., 95. And the only fact in this case, that could leave any doubt about its falling within this rule, is that the court, on overruling the

motion to set aside the service, gave the defendant ten days in which to answer or appeal, and stayed the entry of judgment in the meantime. We shall not determine what effect it would have, if it appeared that the defendant asked for such an order. But that does not appear; on the contrary, the court incorporated into the order a statement that the defendant appeared, only to move to set aside the service. And if the court, on overruling that motion, gave it ten days time to answer, without its moving for it, that ought not to be construed as a waiver. The doctrine of waiver of defects in process is salutary, and ought to be applied where the acts of the party can be fairly construed into such waiver. 1 Met., 508. But we think it would be proceeding with too great strictness to apply it here, where it appears that the party took every precaution to guard against the effect of an appearance, and where there is nothing to show that the judge did not grant the further time to answer upon his own motion, as is often done on overruling an application of this kind.

It was claimed by the counsel for the plaintiff in error, that as there was no bill of exceptions, the order containing the recital of the appearance of the defendant was no part of the record, and that we could not look into it, but were confined to the sheriff's return. But the statute requires the clerk to incorporate into the judgment roll all orders affecting the judgment, R. S., 1858, chap. 132, sec. 35. And if the order which is returned with the record, showed such an appearance by the defendant as waived the defect in the service, we should look into it for the purpose of sustaining the judgment. But for the reason that it does not show such an appearance, we think the judgment must be reversed with costs.

*By the Court,* DIXON, C. J. After the filing of the foregoing opinion, a motion for a rehearing was made and granted; and now upon final argument, it appears that we were mistaken as to the order staying the proceedings of the plaintiff be-

low.   It is now shown, that the proceedings were stayed at the instance of the plaintiff in error, and not by the judge upon his own motion, as was formerly supposed.   This entirely changes the aspect of the case with regard to the question of jurisdiction.   It was an appearance, an unqualified waiver of previous defects in the service of process.   The relief granted was consistent only, with the complete jurisdiction of the court over the party applying for it; and if founded upon such application, which it now appears to have been, the jurisdiction can no longer questioned.

There being, in the opinion of the court, no other matter for which the proceedings below should be disturbed, the judgment is affirmed with costs.