By the Court.—Speib, J.
The plaintiff’s counsel contend that the contract between the parties, as set forth in his complaint, was for ah absolute payment of the dividends specified at the time fixed, without regard to the question of “net earnings.” He claims that this contract between the plaintiff and the original corporation—the Michigan Southern & Northern Indiana Railroad Co.—is evidenced—
By the resolution of the stockholders, passed, at their annual meeting, in 1857.
By the resolution of the directors, immediately thereafter.
By the report of the directors to the stockholders, of May 6, 1857.
By the proposals for subscription, and by the subscriptions for the stock, all of which are set forth in the complaint. ,
In either aspect of the case—whether the demands were made payable out of the “net earnings of the company,” as certified to the plaintiff in his stock certificate, or whether the dividends specified were to be paid absolutely—the liability growing out of the alleged obligation is purely a question of law. It is charged that the net earnings were, in 1864 and 1865, and prior thereto, largely in excess of the amount necessary to liquidate the dividends in arrear. It, therefore, became an ascertained debt against the old company before the *356 merger with the defendant’s company, and its liability is based upon its assumption and the existence of the debt when such assumption was made. It is a liability growing out of an obligation to -pay a legal demand, and there is no foundation for any equitable relief. • If the defendant’s corporation, or its directors, became bound, and assumed any obligation, it was for a specific sum of money only. The obligation to pay being established, there can be no dispute about the amount to be paid.
The liability of the defendant depends upon the fact as well as the legal obligation assumed or incurred, and both must be established before the plaintiff can be entitled to any judgment. It clearly appears that this liability, whatever it was, was a debt existing before the creation of the present defendant company, so that the liability of the latter depends entirely upon the liability incurred by the old company, and that was fixed, if ever, before the alleged merger, and must be settled as q question involving the obligations of the old company and its business.
The plaintiff has not, I think, made out a case falling under any acknowledged head of equity jurisdic tion, and the court has- not the power to administer the species of relief asked for (Heywood v. City of Buffalo, 14 N. Y. 537). It is well settled that no relief can be administered in equity when the remedies at law are adequate for the attainment of justice (Benefit Life Ins. Co. v. Supervisors, 32 How. Pr. 359).
It seems to me that the examination into the question of the foundation of the plaintiff’s right to any judgment must inevitably extend beyond the jurisdiction of this court, and must have reference to the obli-. gations and business of a foreign corporation in a foreign State. The examination of the questions involved relate to subjects beyond, and over which this court has no control (Williston v. Michigan Southern *357 & Northern Indiana R. R. Co., 13 Allen, 400; Whitehead v. Buffalo & Lake Huron Co., 18 How. Pr. 218; Howell v. Chicago & Northwestern Railway Co., 51 Bard. 378.
Does the compaint state a cause of action against the directors of the company \ I do not see any ground or foundation upon which any judgment or other relief can be pronounced against them. They have contracted no obligation in the matter .with which they can be personally charged. With respect to this alleged guaranty they are directors of a new and different corporation. Under no circumstances whatever could they be compelled to apply the net earnings of this new company to the payment of dividends in arrear of the old company (see opinion in Prouty v. Lake Shore & Michigan Southern Railway Company, 52 N. Y. 363). If the company is liable it must respond, not the directors or their successors. They may cease at any time to hold office ; but the corporation in legal com templation never dies.
The learned judge in his opinion at spécial term, pertinently remarks that the only ground alleged for an injunction is in connection with the plaintiff’s right'to a specific performance, and if it appears ■ on the face of the complaint that the defendant corporation has never had the power to specifically perform the contract, there is no equity in the complaint, and an action for damagés is all that is left to the plaintiff. As the case stands, the Lake Shore & Michigan Southern Railway corporation have no legal right or power, either to declare a dividend, as such, of the earnings of the Michigan Southern & Northern Indiana Railroad Company, or to declare a dividend on the stock of that company out of the earnings of the consolidated company, while the plaintiff calls for a specific performance by the making of such dividend. The complaint shows that the present • defendants cannot do anything which will *358 give the plaintiff the dividends he claims, and it follows that an injunction against them will not permit his getting such dividends through this action. These defendants are not necessary or proper parties, and the complaint states no cause of action against them.
The defendants demurring, must have judgment on the demurrer, with costs.