# WHEELING.

## GILCHRIST *v.* W. VA. O. & O. L. Co.

Submitted June 18, 1878—Decided December 2, 1882.

(\*SNYDER, JUDGE, Absent.)

| 21 | 115 |
|----|-----|
| 36 | 126 |
| 21 | 115 |
| 38 | 898 |
| 21 | 115 |
| 45 | 746 |

| 21 | 115 |
|------|-----|
| e62 | 463 |

1. In deciding what effect a judgment rendered in another State is to have in this, it must be regarded as well settled, that it must have the same faith and credit here, as it had in the State where it was rendered.   (p. 118.)

2. When a judgment rendered in another State is sought to be enforced in a court in our State, our courts may enquire into the jurisdiction of the court which rendered it, and if it appear that the court which rendered the judgment had not jurisdiction, the judgment is void; but if otherwise, it is valid and binding in our State.   (p. 118.)

3. If the court, which rendered the judgment, was a court of general jurisdiction, the presumption is it had jurisdiction of the particular case, and to render the judgment void, this presumption must be overcome by proof.   (p. 118.)

4. Where the validity of the judgment depends upon a construction of the statutes of the State, in which the foreign court rendered the judgment, our courts will adopt the construction put upon the said statutes by the courts of the State which enacted them.   (p. 119.)

5. By the construction, which the New York courts put upon the New York statutes authorizing proceedings against foreign corporations, no judgment *in personam* can be rendered in that State against a foreign corporation, unless it has appeared to the action.   (p. 123.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Wood, rendered on the 9th day of October, 1877, in a cause in said court then pending, wherein R. W. Gilchrist was plaintiff, and the West Virginia Oil and Oil Land Company was defendant, allowed upon the petition of said defendant.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the decree appealed from.

---

\*Cause submitted before Judge S. took his seat on the bench.

The facts of the case are fully stated in the opinion of the Court.

*Arthur I. Boreman* for appellant cited the following authorities: Code pp. 90–91, § 4; Voorhies N. Y. Code (ed. 1870) § 134; 5 How. (N. Y.) 183; 9 How. (N. Y.) 448; Voorhies Code § 427; 8 Abb. 284; 2 Hilt. 262; 30 Barb. 159; 20 How. (N. Y.) 62; 18 How. (N. Y.) 412; Sto. Prom. Notes, § 339; Dan. Neg. Inst. p. 680, § 898; 4 Abb. 77; 13 How. (N. Y.) 516; 16 Abb. 249; 18 How. (U. S.) 404; 10 Pet. 449; 9 Leigh 119; 9 Gratt. 323; 27 Gratt. 624; 18 Wall. 457; 19 Wall. 59.

*Cole & Cole* for appellee cited the following authorities: *Mills* v. *Duryee,* Cranch 481; 5 Wall. 291; 22 Wall. 77; 18 Wall. 457; 1 Smith L. Cas. (pt. 2) 1124; Big. on Estop. 234; 17 Wend. 473; 9 Leigh 119; 9 Gratt. 328; *Hall* v. *Hall,* 11 W. Va.; 2 How. (U. S.) 319; 19 Wall. 58; Code ch. 13 § 4; 2 Wisc. 523; Voorhies (N. Y.) Code, (ed. 1870) §§ 134, 138; Am. L. Reg. Aug., 1877, p. 504; 1 Neb. 14; 9 How. Pr. 448; 41 Barb. 10; 26 How. 225; 18 How. 404; 2 Wood C. C. 479.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In April, 1876, the plaintiff filed his bill in the circuit court of Wood county, in which he alleged the recovery of a judgment on the 7th day of June, 1875, in the supreme court of New York against the defendants, a corporation organized and existing under and by virtue of the laws of Michigan; and also against James H. Carrington and Henry Carrington, partners under the firm name of J. H. Carrington & Co., for the sum of one thousand five hundred and forty-nine dollars and seventy cents. The bill exhibits the said judgment and alleges, that it has not been satisfied in whole or in part; that the defendant company has property in said county of Wood, also in Ritchie county; that several parties named in the bill have property in their possession belonging to said company; that the West Virginia Transportation Company is indebted to said company, and said parties had been summoned as garnishees; that plaintiff is a

lessee of said company, and has caused himself to be summoned as garnishee, and had caused an attachment to be levied on the oil in his possession; that an order of attachment had issued in the case, and a considerable amount of property in the hands of different parties, had been levied on thereunder.

The bill charges, that the defendant company is insolvent, and has no property to pay said judgment other than that levied on under the attachment in the cause. It makes all the parties having property in these processes, which was attached in the cause and those summoned as garnishees defendants, and prays a decree against the defendant company and Jas. H. Carrington & Co., for the amount of the judgment and costs, and that the attached property be sold to pay the same, &c.

The defendant company demurred to the bill and also answered, in which answer it denied the validity of such record and judgment exhibited with the bill, because as it claims, under the laws of New York the said New York court had not jurisdiction to render such personal judgment as was rendered. First, because the said defendant company was a corporation foreign to New York and to the jurisdiction of said court, and the service of the summons and complaint in said cause, purports to have been on said company, on the 2d day of April, 1874, by delivering a copy thereof to Jas. H. Carrington as the managing agent of said company; but it is not stated at what place the service took place, or whether or not it was within the said city, county or State of New York. It denies, that according to the laws of New York it was served with process in the said cause in New York in which said judgment was rendered; and that James H. Carrington, to whom it appears by said pretended record, and affidavit of Wilson Hogg, that copies of the summons and complaint in said suit were delivered on the 2d day of April, 1874, was not at that time an officer of defendant, or its managing agent, nor was he at that time the agent at all of defendant, nor did he at that time sustain any relation to defendant, which authorized, service on defendant by delivering copies of summons and copies of petition to said Carrington, &c.

To the answer the plaintiff replied generally: Proof was taken as to the agency of Carrington, the service of process on the agent, &c.; and on the 13th day of April, 1877, the court rendered a decree, holding said personal judgment rendered in New York valid, and decreed the payment thereof, &c. From this decree an appeal with *supersedeas* was granted.

The question here to be decided is, was the New York court authorized to render a personal judgment against the West Virginia Oil and Oil Land Company. It must be remembered, that the said company is a foreign corporation, confessedly so in the record, and there is no pretense, that by the laws of New York, it was *quo ad* any business it did in that State, regarded and held to be a domestic corporation.

In deciding what effect the judgment rendered in New York is to have in our State, it must be regarded as well settled, that the judgment of a State court is to have the same faith and credit in each and every State in the Union, as it had in the State where it was rendered. *Mills* v. *Duryee*, 7 Cranch 481; *Christmas* v. *Russell*, 5 Wall. 291; *Maxwell* v. *Stewart*, 22 Wall. 77.

When a judgment rendered in another State, is sought to be enforced in our State, our courts may enquire into the jurisdiction of the court which rendered it, and if it appear that the court which rendered the judgment had not jurisdiction, it is void; but if it had jurisdiction then it is valid and binding in our State. *Thompson* v. *Whitman*, 18 Wall. 457, and cases cited.

If the court be one of general jurisdiction the presumption is, that it had jurisdiction of the particular case, and to render the judgment void, this presumption must be overcome by proof. *Grignon's Lessee* v. *Astor*, 2 How. U. S. 319; *Knowles* v. *Gas Light Co.*, 19 Wall. 58.

If we concede, that the cause of action upon which the judgment was rendered arose in the State of New York, and the defendant had property there, and under the forms of the laws of New York process was served upon a properly constituted agent of the foreign corporation, still the question recurs, could the court legally render a personal judgment against the foreign corporation, when it had not ap-

peared generally to the action. We may concede, that the court did have jurisdiction to subject the defendants' property by attachment, to the payment of its debt in New York, but could it go further and without the appearance of the corporation to the action, render a *personal* judgment against it?

After the judgment had been recovered in the action mentioned in the record of the New York court, the defendant by counsel, did appear, and moved to vacate the judgment on the ground, that the court had not jurisdiction to render it. And by the decision of Judge Lawrence, filed here it appears, that he refused to vacate the judgment, because as he held, the cause of action arose in New York, and therefore the court had jurisdiction.

The statutes under which the proceedings were had, are sections 427, and 134, of Voorhees' New York Code. Section 427 provides, "An action against a corporation created by or under the laws of any other State, government or country, may be brought in the supreme court, the supreme court of the city of New York, or the court of common pleas for the city and county of New York, in the following cases, viz: First, By a resident of the State for any cause of action. Second, By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated, within this State." And section 134 provides, that the summons shall be served by delivering a copy thereof as follows: "If the suit be against a corporation, to the president, or other head of the corporation, secretary, cashier, treasurer, a director, or managing agent thereof; but such service can be made in respect to a foreign corporation, only where it has property within this State, or the cause of action arose therein, or when such service shall be made within this State personally upon the president, treasurer, or secretary thereof."

This language is very broad, but we must give it just such effect, as the courts of New York have given it, and none other. If a construction had been placed upon it by the said courts we would adopt it, though it was directly the reverse of a construction we had given to similar language, in our own Code. Because the question is, was the judgment

legally rendered in New York? And that legality in this case, depends upon the construction the New York courts have placed upon the statutes we have cited.

In *Hurlbert* v. *The Hope Mutual Ins. Co.*, 4 How. Pr. 274, Sill, Justice, said: "I find that a notion prevails to a very considerable extent, that it was designed by the amended Code to authorize courts to pronounce judgment *in personam* against a foreign corporation, upon proof of the service of a summons in the manner prescribed by that act. A glance at the former and present practice will show, that it is not very extraordinary that such an impression should exist. At common law, before a judgment could be pronounced, the defendant must be in court either upon its process or by voluntary submission to its jurisdiction; and a statement that a defendant was in court was an indispensable requisite in the record of every valid judgment. * * * The amendments to the Code followed which provide, that actions may be brought in the supreme court against foreign corporations, upon contracts made in this State and by plaintiffs, who are residents of this State (§ 427); and that suits in a court of record shall be commenced by the service of a summons, &c." The judge further proceeds to say, in speaking of the effects of the New York statutes as to suits against foreign corporations on page 275, that the summons "was a step preliminary to a proceeding against the defendants' *property* in this State; a step ineffectual for any purpose unless followed by a warrant of attachment and seizure of property. The summons is not in such a case a judicial process; nor is its issue and service in fact (what it is with doubtful propriety called in the Code) the commencement of an action against a *foreign corporation;* but, for all practical purposes is simply a statutory notice, that proceedings are about to be instituted against its *property*."

In this case it clearly appeared, that the cause of action arose in New York.

In *Brewster* v. *The Michigan Central R. R. Co.*, 5 How. Pr. 187, Wills, Justice, said: "The defendant is a corporation created by the laws of the State of Michigan. The judgment entered is a general one, in the nature of a judgment *in personam* against the defendant, and the execution is issued

against the property of the defendant generally. Under it
the sheriff is bound to take any property of the defendant,
real or personal, which he can find in his bailiwick, sufficient
to make the amount. No attachment has been issued and
there has been no voluntary appearance of the defendant in
the action."

In *Hurlbert* v. *The Hope Mutual Ins. Co.*, 4 How. Pr. R.
275, Mr. Justice Gill, has shown in a very able and clear
opinion, that in such a case the courts of this State cannot
obtain jurisdiction of the defendant, so as to render a personal
judgment. The extent of process of the court over a foreign
corporation, where there has not been a voluntary appear-
ance in the action, is to subject the property and effects of
such corporation within this State, to the payment of its debts
by a judgment *in rem* as to such property and effects after
the same has been attached, before the judgment is rendered
according the direction of chapter 4 of title 7 of the Code.
The service of summons with all subsequent proceedings on
the part of plaintiff, including the judgment and execution
must be set aside."

One point of the syllabus, in *President, &c., of Bank of Com-
merce* v. *The Rutland and Washington R. R. Co.*, 10 How. Pr.
1, is "*It seems* a judgment against a foreign corporation, in a
suit properly brought under the Code is of the same validity
and effect as a judgment against any non-resident, obtained
without personal service or appearance." In *Schwinger* v.
*Hickok, et al.*, 53 N. Y. 280 it is held, that "the authority
given by the Code (§ 135) to proceed by publication against
a non-resident when he has property in the State, or the suit
has relation to property therein in which he has, or claims
an interest, is to be interpreted in view of the necessity which
called for its enactment, and authorizes only a judgment *in
rem*, not *in personam*."

In the case of *Bates* v. *The New Orleans, Jackson and Great
Northern Railroad Co.*, 13 How. Pr. 519, after quoting the
provisions of section 427, Wills, Justice, said, "Any judgment
which the plaintiff may or might obtain, will be of no value
to him in case the defendants should not appear to the action
and submit to the jurisdiction of the court unless, he has at-
tached, or shall be able to attach, property of the defend-

ants in this State before judgment. Such judgment would be *in rem* and not as we think *in personam.* The law has not been changed in regard to the character or effect of a judgment against a foreign corporation, since the decision of the case of *Hurlbert* v. *The Hope Mutual Ins. Co.,* 4 How. Pr. R. 275, the doctrine of which we approve."

In *Whitehead* v. *The Buffalo and Lake Huron R'w'y Co.,* 18 How. Pr. 232, Greene P. J., Marion, Grover and Davis Justices concurring, said, "That the courts of this State have no common law jurisdiction over, or power to render judgments *in personam* against foreign corporations is clear, both upon principle and authority. (See the cases above cited and *Brewster* v. *The Michigan Central Railroad Co.,* 5 How. Pr. 183.) The proceeding against a foreign corporation, though termed an 'action' against it, is merely a proceeding *in rem,* or a *quasi* proceeding *in rem,* the object and sole effect of which are to appropriate its property within the jurisdiction of the court, to the payment of the debts of the corporation." In *Ogdenburg & C. R. R. Co.* v. *Vansant & C. R. R. Co.,* 16 Abbott, Pr. 249, it is held, that in an action by a resident of New York, against a foreign corporation, the court cannot acquire jurisdiction of its *person* or legally render a *personal* judgment against it, unless the corporation elects voluntarily to appear.

It seems to me that the question is set at rest in *McCormack* v. *Penn. Cent. R. R. Co.* 49 N. Y. 303, where it was held, that "where the court has jurisdiction of the subject matter of the action, consent will confer jurisdiction of the person, and in case of a foreign corporation, such consent may be expressed by appearing by attorney and answering generally in the action." In this case *Jones* v. *Norwich and N. Y. Transportation Co.,* v. *The Penn. Central R. R. Co.,* 50 Barb. 193, the only authority in New York, that seems to be at variance with the general current of authority in the State upon the subject, is criticised and limited. Judge Folger, in delivering the opinion of the court in *McCormick* v. *Penn. Cent. R. R. Co., supra,* at page 309, after using the language we have already quoted from the syllabus said, "though it seems to have been thought that a foreign corporation could not at common law have been sued here, it was at the same

time suggested, that it would be competent for it to constitute an attorney to appear and plead in action. (*In re Mc-Queen* v. *The Middletown Manuf. Co.*, 16 Johns. 5.) Since that time it has been so often held, that a voluntary appearance confers jurisdiction of the person, and the rule seems so reasonable in itself, that we have no hesitation in adopting it."

It is clear then, by the construction the New York court has given of its own statutes in regard to proceedings against foreign corporations, that in no case can a judgment be rendered, *in personam* in that State against a foreign corporation; unless the corporation voluntarily appeared to the action. Therefore we are compelled to hold, that the personal judgment rendered in favor of Gilchrist against the West Virginia Oil and Oil Land Company which is set out in the record of this cause was illegally rendered; the said defendant not having appeared to the action, and is null and void. The only claim set up against the said defendant in this suit is the said judgment, but the record of the New York court shows, that it was recovered upon a certain bill of exchange drawn by said defendant on J. H. Carrington & Co. We are not prepared to say, that under the circumstances of this cause the bill ought to be dismissed as asked by the counsel for appellant, but think the plaintiff ought to have leave to amend his bill.

The decree of the circuit court of Wood county rendered in this cause on the 13th day of April, 1877, is reversed with costs to the appellant, to be paid by the appellee R. W. Gilchrist; and this cause is remanded with leave to the plaintiff to amend his bill within a reasonable time, if he elects so to do, and in default thereof, the circuit court will dismiss the same with costs, and to be further proceeded in according to the principles herein set forth, and further according to equity.

JUDGES HAYMOND AND GREEN CONCURRED.

DECREE REVERSED.    CAUSE REMANDED.