See S. C. *ante,* 269.

---

### Estes and others *v.* Belford and others.

*(Circuit Court, S. D. New York. December 5, 1884.)*

PRACTICE—SERVICE ON AGENT OF FOREIGN CORPORATION—NEW YORK STATUTE
    Service upon the agent of a foreign corporation, who is agent in the very transaction out of which the suit arises, is sufficient under the statutes of New York.

In Equity.

*J. L. S. Roberts,* for orators.

*J. A. Hyland,* for defendants.

WHEELER, J. The principal defendant is a corporation of the state of Illinois, and its offices are and its officers reside there. This suit is brought to restrain an alleged infringement of the orator's trademark by agents of, at a place of business of, the corporation within this district. A subpœna has been served upon one of these agents at that place of business, for the corporation, and it moves to set aside the service. The statutes of New York provide for the service of a summons upon a foreign corporation by delivering a copy within

the state to the president, treasurer, or secretary, or officer performing corresponding functions, or a person designated by the corporation; and if none is designated, and none of these officers can be found with due diligence, then to the cashier, a director, or managing agent of the corporation within the state. It is objected to the service that the return of the marshal does not show that there was no person designated to receive service, nor that the officers could not be found with due diligence; and that these agents are not such as the statute contemplates. The return does not appear to show that service otherwise than upon the agent could not be made, as, perhaps, it ought to show; but the defendants allege that there are none of the officers, nor any one but these agents, to make a service upon here, as a reason why the service made should be set aside, and this would seem to obviate the necessity of showing the same thing in the return. The agent is agent in the very transaction out of which the suit arises. The corporation is found here doing this business by this agent. If it was doing also some other business by another agent, and service had been made upon that agent, it might well be objected to. The statute, probably, does not mean any agent in any business, but the agent in the business in controversy in the suit. In this view the service was made in a statutory mode according to the laws of the state, upon a corporation found here according to the laws of the United States. *Ex parte Schollenberger*, 96 U. S. 369; *Hayden* v. *Androscoggin Mills*, 1 FED. REP. 93; *Eaton* v. *St. Louis, etc., Co.* 7 FED. REP. 143. This is not any hardship, or, if any, not an undue hardship, upon this defendant, as between it and the orators. It is compelled to answer away from its domicile, but not any further away than it has gone voluntarily by its agents to do that which has given occasion for the process and its service.

Motion denied.