### FUNK, Adm'r, *v.* ANGLO-AMERICAN INS. CO.[1]

*(Circuit Court, E. D. Missouri. April 22, 1886.)*

CORPORATION—SERVICE OF PROCESS ON FOREIGN FIRE INSURANCE COMPANIES UNDER MISSOURI STATUTES.

Where a foreign fire insurance company does business in Missouri through an agent, without complying with the requirements of the Revised Statutes of that state as to the appointment of an agent to receive service of process, process may be served in suits against it upon the agent through whom it transacted its business.

At Law. Suit upon a fire insurance policy.

The summons was served upon William A. Noyes, as agent of the defendant, which is a foreign company. The defendant filed an answer containing a general denial, and stating that said Noyes has never had any authority to accept service of any legal process on it, and that there is no agent or person representing it in this state who has authority to accept service. The Revised Statutes of Missouri provide (§ 3489) that "a summons shall be executed, * * * where defendant is a corporation or joint-stock company, organized under the laws of any other state or country, and having an office or doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent, or employe in any county where such service may be obtained." Said statutes also provide (§ 6013) that "any insurance company not incorporated by or organized under the laws of this state, desiring to transact any business by any agent or agents in this state, shall first file with the superintendent of the insurance department a written instrument or power of attorney, duly signed and sealed, appointing and authorizing some person, who shall be a resident of this state, to acknowledge or receive service of process,

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

and upon whom process may be served for and in behalf of such company in all proceedings that may be instituted against said company in any other court of this state, or in any court of the United States in this state; and consenting that service of process upon any agent or attorney appointed under the provisions of this section should be taken and held to be as valid as if served upon the company, according to the laws of this or any other state; and such instrument shall furthermore provide that such attorney's authority shall continue until revocation of his appointment is made by such company by filing a similar instrument with said superintendent, whereby another person shall be appointed as such attorney."

*George M. Stewart*, for plaintiff.

*J. L. & F. P. Blair*, for defendant.

TREAT, J., (*orally.*) The amount of loss was in excess of the sum insured. The proofs of the loss were duly made, whereby the amount of the policy, to-wit, $1,100, was payable October 1, 1885. Hence, the only inquiry is as to the sufficiency of the service on the agent Noyes whereby the defendant could be bound. As heretofore held by this court, the contract of insurance was made in this district by said Noyes, as agent of the defendant, and consequently said agent under the rules of law still remained such agent for the purposes of service, unless, possibly, due notice had been given to the plaintiff that he had ceased to be said agent. Where contracts by a foreign insurance company are made in a state without regard to its legal requirements, the company should not be permitted to escape from its liabilities through its non-compliance with the statutory laws of said state. It appears that this policy was formally delivered and premiums collected thereon by the company's agent, W. A. Noyes, within this district; that service in this case was had on said agent Noyes; therefore neither a motion to quash nor a plea in abatement as to service could prevail. The defendant company delivered the contract and collected the premium thereon through its said agent within this jurisdiction, and it must be held that he continued to be the agent of this company for all the purposes of said contract until the final determination thereof, unless something to the contrary is shown. The fact that he invaded the territorial jurisdiction of Missouri without compliance with its statutory demands cannot excuse him or the company he represented from the obligations of the contract. Were this otherwise, a party would be permitted to take advantage of its own violations of the law to escape its rightful obligations.

Judgment for plaintiff for the sum of $1,100, with interest at 6 per cent. per annum from October 1, 1885, to date, to-wit, $1,136.85.