## MARS *et al* v. ORO FINO MIN. CO. *et al.*

1. In an action against a private corporation the return of the sheriff must affirmatively show that service was made upon an officer or an agent of the corporation specified in the statute as one upon whom service may be made.

2. An attorney in fact, authorized by such corporation to apply for patent to mining ground claimed by it and to execute such papers as may be necessary for that purpose, is not by virtue of such employment a "managing agent," within the meaning of that term as used in section 4898, Comp. Laws.

3. In an adverse proceeding under the provisions of section 2326, Rev. St. U. S., it is not sufficient that the adverse claimant places the summons in hands of the sheriff within 30 days after the filing of the adverse claim, unless he proceeds with reasonable diligence to secure the service of such summons upon the defendant in the action.

4. Where, in such an action, no service of the summons was made in any manner upon the defendant for more than a year after the adverse claim was filed, and the defendant did not appear in the action, "proceedings," within the meaning of that term as used in said section, were not commenced in time, and the action was properly dismissed.

(Syllabus by the Court.   Opinion filed Oct. 28, 1895.)

Appeal from circuit court, Lawrence county.   Hon. CHAS. M. THOMAS, Judge.

Action to determine the right to the possession of a mine. Defendants had judgment and plaintiffs appeal.   Affirmed.

The facts are stated in the opinion.

*Martin & Mason*, for appellants.

Service upon the agent of a foreign corporation, who is agent in the very transaction out of which the suit arises, is sufficient.   Estes V. Belford, 22 Fed. 275; Merchants v. Railroad, 13 *Id.* 358; Moch v. Ins. Co., 10 *Id.* 696; Berlin v. Norton, 17 Atl. 1079; 22 Am. Ency. Law 129; 2 Morowetz Corp. 980. Service upon managing agent is sufficient.   Barrett v. Tel. Co., 10 N. Y. Sup. 138; Taylor v. Granite, 65 Hun. 620.   Where a defendant appears and asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court, whether such an appearance, by its terms, be limited to a special purpose or not.   Belknap v. Charlton, 34 Pac. 758; Bucklin v. Strickler, 49 N. W. 371; Aultman v. Steman, 8 Neb. 111; Burdette v. Corgan, 26 Kan. 102; Elliott v. Lawhead, 43 O. St. 171; Handy v. Ins. Co., 37 *Id.* 366; Curtis v, Jackson, 23 Minn. 268; Coad v. Coad, 41 Wis 26; Blackburn v. Sweet, 38 *Id.* 578; Clark v. Blackwell, 4 G. Green 441; Yorke v. Yorke, 55 N. W. 1096.

*Edwin Van Cise,* for respondent.

. Statutes providing for constructive service are always strictly construed. Guarantee Co. v. Railroad, 139 U. S. 137; Sherry v. Gilmore, 58 Wis 324; Knowles v. City, 130 U. S. 327; McLaughlin v. Wheeler, 50 N. W. 834; Star v. Mathiesen, 3 Dak. 333.

CORSON, P. J.   This was an action commenced by the plaintiffs against the defendant to determine the question of the right of possession to a part of a mining claim for which the defendent was seeking to obtain a patent, and is what is known in the mining regions as an "adverse suit." Judgment dismissing the action, and plaintiffs appeal.

The return of the sheriff as to the service of summons is as follows:   "I, Edward McDonald, sheriff of Lawrence county, do hereby certify and return that the annexed summons and complaint came into my hands for service on the 12th day of June, 1891, and that I served the same on the Oro Fino Mining Company, through John R. Wilson, attorney in fact for said Oro Fino Mining Company, defendant, personally, by delivering to and leaving with him a true copy thereof at Deadwood, in Lawrence county, S. D., on the 18th day of June, A. D. 1891. E. McDonald, Sheriff of Lawrence county, by S. H. Sweet, Deputy."   No further proceedings seem to have been taken in the action until September 16, 1892, a year and three months after the said service, when the counsel for the defendant and respondent made a motion to quash the service of the summons upon the following grounds:   "(1) This action was not commenced in time, to wit, thirty days after filing protest and adverse in the U. S. land office.   (2) No service of summons or other process was ever made on the Oro Fino Mining Company, and John R. Wilson has no interest whatever in the subject-matter of the controversy.   (3) Martin Haley, who was united in interest with John B. Mars and Arthur C. Mars in the Oro Fino lode and mining claim, was not joined in the protest and

adverse claim, and is not joined as plaintiff or defendant, and no judgment could be entered without his joinder. (4) The citizenship of John B. Mars and Arthur C. Mars is not alleged in the complaint, no are they shown to be competent to acquire the title to mining property. (5) The complaint in this and in other respects does not state facts sufficient to constitute a cause of action in favor of plaintiffs and against the defendants. This motion will be made upon the summons, complaint, and sheriff's return, now on file, on the affidavits of John R. Wilson and Edwin Van Cise, herewith served, and the certified copy of plaintiff's protest and adverse claim, which will be lent plaintiff's attorney for inspection. Edwin Van Cise, Attorney for Defendants. Appearing Specially for the Purpose of This Motion Only. Deadwood, S. D., September 16, 1892. To Joseph B. Moore, Attorney for Plaintiffs." Mr. John R. Wilson's affidavit so fully states his position in relation to the defendant corporation that we insert it in full:

"John R. Wilson, being sworn says: He is the identical John R. Wilson who is made a party defendant in this action, and therein described as attorney in fact for the Oro Fino Mining Company. That on the 18th day of June, 1891, S. H. Sweet, deputy sheriff, handed him what purported to be a copy of the summons and complaint in the action, but that affiant within a few minutes returned it to him, and declined to retain the same, for the reason that, if intended as the commencement of an adverse action, it was not served in time. Neither did affiant in any manner so represent the Oro Fino Mining Company as to be a person on whom service of summons or other process could be made. That the affiant had no interest whatever in the subject of litigation, and was not an officer of the Oro Fino Mining Company or an agent of theirs, except in a limited way, in this that he was a member of the firm of Van Cise & Wilson, attorneys for said Oro Fino Mining Company, and was authorized by said company to take steps to secure patents for it to certain mining property; and to sign all neces-

sary papers in connection therewith, as stated in the following resolution adopted by the board of directors of the Oro Fino Mining Company on March 2, 1891: 'Resolved, that the authority granted by this board at its meeting of February 20th, 1890, to S. M. Houghton, be revoked, and that John R. Wilson, of Deadwood, South Dakota, be and is hereby empowered, in the name and in behalf of this company, to sign all papers and take all necessary steps to secure patents to the Oro Fino lode and the Oro Fino placer claim, owned by this company, in Bear Butte mining district, Lawrence county, South Dakota.' That he never filed a duly authenticated copy of this, or any copy whatever, in the office of the secretary of state, or of the register of deeds of Lawrence county, and that he had no authority whatever, except as contained in said resolution and as an attorney at law, and never had charge, control, or management of said company's property whatever. That one Desire Bultynck was then in charge of the property of the Oro Fino Mining Company, and remained in charge and management thereof for several months thereafter. John R. Wilson.

"Subscribed and sworn to before me this 17th day of August, 1892. Herbert A. Cable, Notary Public. [Seal.]"

Affidavits were read on the part of the plaintiffs, but in the view we take of the case it will not be necessary to insert them. The motion seems to have been held under advisement until May 5, 1893, when the court made the following order: "The court being satisfied that the summons and complaint in this action were delivered with the intent that they should be actually served to the sheriff on June 12, 1891, and no fees demanded by the sheriff at the time, but that John R. Wilson, who is made a defendant, has no interest whatever in the properties or matters in controversy, and that he was neither managing agent nor a duly-authorized agent of the Oro Fino Mining Company, nor a person upon whom process against said company could be served, and the defendant's counsel (appearing specially as aforesaid) withdrawing without prejudice the applica-

tion to dismiss the action, it is ordered that the service of the summons and complaint in this action, purporting to have been made June 18, 1891, and return of the sheriff thereon, be and the same is hereby quashed, vacated and set aside. It is also further ordered that this action be not dismissed, but that the plaintiffs have leave to apply to the court for an order for the service of the summons by publication. Done this 5th day of May, 1893. Chas. M. Thomas, Judge." To which the plaintiff duly excepted. On May 6, 1893, the plaintiff obtained an order for publication, which on July 3d was vacated and set aside by order of the court. As no exception was taken to this order, it will not be further noticed. On July 10th a second order of publication was obtained. This order was quashed and vacated on October 23, 1893. Thereupon the counsel for the defendant moved for a dismissal of the action upon the ground that the action "was not commenced within the time required by the provisions of the Revised Statutes of the United States." This motion was granted and a judgment of dismissal rendered, in which it is adjudged that the action be dismissed "for the reason that the same was not commenced within the time required by the statute of the United States." This judgment was duly excepted to, and is the one from which the appeal in this case is taken.

The learned counsel for the appellants state their contention in this case as follows: "Appellants contend: First. That service of process upon John R. Wilson was service upon the Oro Fino Mining Company. Second. That if the court did not acquire jurisdiction of the corporation defendant by the service upon John R. Wilson, yet that the alleged special appearances of its attorney were in reality general, and conferred jurisdiction. Third. That if jurisdiction were gained in neither of these ways the court should have allowed it to be acquired by publication. Fourth. That this action should not be dismissed, (a) because the question as to whether proceedings had been commenced in time could not be raised by motion and affi-

davits; and (b) because, as a matter of fact, proceedings were actually commenced in time."

The first question to be determined is, was the service upon John R. Wilson such a service upon the corporation defendant as gave the court jurisdiction of the same? In other words, did the court commit error in quashing and vacating the same? It will be observed by the return of the sheriff that he does not certify that he served it upon said Wilson as managing agent of the corporation, but that he "served the same upon" the defendant "through John R. Wilson, attorney in fact" for said defendant. Where a sheriff assumes to make service upon a corporation by serving the summons upon an officer or managing agent, his return should show that the service was made upon such officer or managing agent in terms, in order to give the court jurisdiction of the corporation. The return of the sheriff was therefore clearly insufficient to give the court jurisdiction of the defendant. But in addition to this defect in the service it clearly appeared from the affidavit of Mr. Wilson that the only power conferred upon or in any manner exercised by him was the special and limited authority to apply for a United States patent for the mining ground claimed by the corporation, and that "he never had charge, control or management of any of the company's property whatever." As the defendant, in its motion to quash the service, did not seem to rely entirely upon the defect in the sheriff's return, but upon the fact that said John R. Wilson was not its managing agent, and the learned court below seems to have placed its decision upon the ground that said Wilson was not in fact the managing agent of the corporation, it becomes necessary to determine whether or not Wilson was a managing agent, within the terms of the statute of this state. Section 4898, Comp. Laws, provides that the service of summons may be made upon private corporations by service upon its "managing agent" or other officers therein specified. In the case of Foster v. Lumber Co. (S. D.) 58 N. W. 9, this court held that the term "managing agent," as used in that section,

applies to foreign corporations as well as domestic, and that service upon such an agent brought the corporation within the jurisdiction of the court. We said in the case above cited, "The term 'managing agent' has no strict legal definition, and it is not easy to formulate or lay down any general rule that will govern in all cases." But the term was evidently intended to include only such an agent as should have the charge and management of the ordinary business of the corporation within the particular locality, and an agent invested with general powers, involving the exercise of judgment and discretion in the management of its ordinary business transacted, at least, within that locality.

It seems to us quite clear that Wilson sustained no such relation to the corporation. His authority was limited to the performance of acts apparently only incidental to the ordinary business of the corporation, namely, to apply for a patent for its mining ground and execute such instruments as might be necessary to accomplish that purpose. The relation he sustained to the corporation was quite similar to that sustained by an attorney at law who is authorized by the corporation to institute and defend an action in the courts. It would hardly be contended in the case of the employment of an attorney by a corporation that he thereby became the managing agent of the corporation, within the meaning of the statute. He is the managing agent of the action that he institute or defends, but for the purpose of the service of summons he is clearly not a managing agent. The appellants' counsel contend that Wilson was the managing agent of the corporation in the only business that it was apparently engaged in, and that his acts as such agent caused the necessity for the commencement of the action by the plaintiffs to protect their rights. This is, to a certain extent, true. When the corporation, through Wilson as its agent, applied for a patent, it became necessary for the plaintiffs, if they claimed all or any part of the ground sought to be included in the patent, to file an adverse claim in the land office

and within 30 days thereafter to commence proceedings in the proper court to determine the right of possession to the mining claim or portion thereof claimed by them. But the fact that such an action became necessary by the act of the agent would not afford sufficient ground to so extend the statute as to include him in the term "managing agent."

Suppose a foreign corporation should, by power of attorney, authorize the cashier of one of our banks to execute a deed to a farm or town. lot in this state, which he executed; would the fact that the execution of the deed made it necessary for some person claiming the property to commence an action to protect his rights authorize him to treat such an attorney in fact as the managing agent of the foreign corporation in this state, and authorize the service of summons upon him? We think no one would so claim. The counsel for appellant have cited a number of cases which they contend sustain their theory. The authority which seems to be most in point is Estes v. Bedford, 22 Fed. 275. In that case an agent of an Illinois corporation was engaged in the business of the corporation in the state of New York, and while so transacting the business he, as it was claimed, violated the plaintiff's trade mark, and the court held that a service upon him was a service upon the corporation. The facts are very briefly stated, but we are unable to discover why the case was not within the principle laid down in Foster v. Betcher, *supra.* If, as such agent, he was transacting the business generally of the corporation in New York, he was in fact its managing agent. Bridge Co. v. Norton (N. J.) 17 Atl. 1079, cited by counsel, is similar in its facts. In that case the defendant, a New York corporation, sent an agent into New Jersey to construct an iron roof upon a building defendant had contracted to construct, and take charge of the work. In the the course of its construction the agent contracted debts, and service upon him was held to bind the corporation and give the court jurisdiction, and that he was an agent of the corporation, within the meaning of the statute of New Jersey. It would

seem from the statement of facts that the construction of such roofs was a part of the ordinary business of the corporation. This case would clearly come within the principle of the case of Foster v. Betcher, *supra.* No case, however, has been called to our attention in which a person engaged in the performance of some one particular act for a foreign corporation, not constituting a part of its ordinary business, under a special power of attorney, has been held to be the managing agent of such foreign corporation. And while there is some force in the contention of counsel that, where the act of the agent resulted in the necessity of an action in the courts to protect the party's rights, the agent so transacting the business should be held to be the managing agent in that transaction, we do not feel authorized to extend the term "managing agent" to include such an agent. We conclude, therefore, that the trial court committed no error in quashing and setting aside the service of the summons.

It is next contended by counsel for appellants, that the defendant, in its notice of motion to quash the service, included grounds other than those going to the jurisdiction of the court, and thereby, notwithstanding its purported special appearance, appeared generally in the action, and consequently waived any defect in the service. Such seems to be the doctrine supported by the authorities. Gans v. Beasly, 4 N. D. 140, 59 N. W. 714; Blackburn v. Sweet, 38 Wis. 578; Godfrey v. Valentine (Minn.) 40 N. W. 163; Belknap v. Charlton (Or.) 34 Pac. 758; Bucklin v. Strickler (Neb.) 49 N. W. 371; Burdette v. Corgan, 26 Kan. 102; Elliott v. Lawhead, 43 Ohio St. 171, 1 N. E. 577. It will be noticed that in the notice of motion to quash the summons the defendant also included a motion to dismiss the action, and that in two or more of the grounds of its motion it challenged the sufficiency of the complaint, thereby raising questions which could only be determined by the court, upon the assumption that it had jurisdiction of the parties. Consequently the appearance, though special in terms, was in legal effect a gen-

eral appearance. To avoid the apparent legal effect of this constructive general appearance, counsel for the respondent insists that, by being permitted to withdraw his motion to dismiss the action without objection or exception, he in effect withdrew his constructive general appearance, and that such was the evident understanding of the court and the parties. And, as evidence that such was the understanding of the appellants, he calls attention to the fact that they immediately proceeded to obtain an order of publication of the summons, which was set aside, and followed by a subsequent order of publication, also set aside. The withdrawal of the motion to dismiss before the order to quash the service of the summons seems to have been treated by both parties as in effect a withdrawal without objection of the constructive general appearance of the respondent, and it would be manifestly unjust to now hold the respondent concluded by that appearance. The subsequent acts of the appellants in applying for and procuring orders of publication are entirely inconsistent with the present claim that the respondent appeared generally in the action and did not withdraw that appearance. We think the claim cannot now be sustained.

It is next contended by appellants that the court erred in setting aside and vacating the second order of publication. In the view we take of the case it does not become necessary to discuss or decide this question, as the motion to dismiss the action was made upon the ground that the action was not commenced within the time required by the statutes of the United States, and the judgment of dismissal was rendered upon that ground, as stated by the court in its judgment of dismissal. If the judgment of the court was correct, it is immaterial whether his ruling in setting aside the order of publication was erroneous or not. This brings us to the consideration of the judgment of dismissal.

This action, as before stated, was instituted under the provisions of section 2326, Rev. St. U. S. Section 2325 provides

that when an application for patent has been filed in the proper land office, and certain proceedings taken therein, any person claiming any part of the mining ground sought to be patented, adversely to the applicant, must within 60 days file in the land office his adverse claim, and, if he fails to so file it, it shall be assumed that no adverse claim exists. When an adverse claim is so filed, it is provided by section 2326 that "it shall be the duty of the adverse claimant within thirty days after filing his claim, to commence proceedings ·in a court of competent jurisdiction to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment, and a failure to do so shall be a waiver of his adverse claim." In the case at bar it seems to be conceded that the appellants issued their summons and placed it in the hands of the sheriff within the 30 days, but, as we have seen, no legal service of the same has ever been made, and no valid and binding general appearance on the part of the respondent has been shown. Actions in this state can only be commenced by the service of summons. Comp. Laws, § 4892. The respondent insists that section 4858, Comp. Laws, applies to this case and that a failure to serve said summons within 60 days, and failure to make the first publication of summons within that time, conclusively show a failure to comply with the laws of the United States, and at any time after the expiration of that time the action may be dismissed. That section reads as follows: "An action is commenced as to each defendant when the summons is served on him, or on a co-defendant who is a joint contractor or otherwise united in interest with him. An attempt to commence an action is deemed equivalent to the commencement thereof, when the summons is delivered, with the intent that it shall actually be served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was

transacted or where it kept an office for the transaction of business. But such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days." Counsel for appellants contend that this section only applies to cases under the state statute of limitations, of which the section constitutes a part. But we are inclined to the view that for the purpose of determining whether or not an action has been commenced within the proper time, and due diligence used, under the provisions of the United States statute referred to, this section furnishes a safe and convenient guide. If the provisions of that section govern this case, then the respondent was clearly entitled to a dismissal of the action. But, without at this time deciding whether or not that statute governs this case, we proceed to consider the question independently of this section of the statute.

Appellants' counsel insist that, as the adverse claimant is only required to commence proceedings within 30 days, the appellants complied with the provisions of the United States law by placing the summons in the hands of the sheriff for service; that that was a commencement of the proceedings within 30 days; and that after that they were only required to prosecute the same with reasonable diligence. And they further insist that the motion to dismiss was not properly made upon the ground that the action was not commenced in time, but that it should have been made upon the ground that the proceeding was not prosecuted with reasonable diligence. While it is true that the term "proceeding" is a broader and more comprehensive term than "action," it is quite evident that the term "proceedings," in the United States law, is used in the sense of "action," as there are other proceedings by which the right to possession of real property can be determined by a court of competent jurisdiction and judgment rendered therein. And such seems to have been the view taken of the term by all state and federal courts, as the judges speak of "action" when discussing this section, and seldom use the term "proceedings."

The term "proceedings" was no doubt used to enable a party to institute such proceedings under the different forms of action allowed by the state and federal courts. Four Hundred and Twenty Min. Co. v. Bullion Min. Co., 3 Sawy. 634, Fed. Cas. No. 4,989; Id. 9 Nev. 240; Chambers v. Harrington, 111 U. S. 440, 4 Sup. Ct. 428; Mattingly v. Lewishon, (Mont.) 19 Pac. 310; Cronin v. Min. Co., (Idaho) 32 Pac. 204; Golden Fleece G. & S. M. Co. v. Cable Consol. G. & S. M. Co., 12 Nev. 312. It is not sufficient, therefore, for an adverse claimant to place the summons in the hands of the sheriff; in this state, but he must see that it is properly served within a reasonable time in any event, whether section 4858 is applicable or not. The evident intention of the law making power in adopting the various provisions of the statute was to insure a speedy determination of any adverse claims. Certainly a delay of two years or more in serving the summons in some manner cannot be said to be proceeding with reasonable diligence. The claim of appellants that the motion should have been made upon the ground that the action was not prosecuted with reasonable diligence cannot be sustained for the reason that there was no action commenced to prosecute with diligence. To have made the motion upon the ground suggested would have been to assume that an action was pending when in fact no action had been commenced, as no summons had been properly served, and no general appearance had been made in such manner as to conclude the parties. We are of the opinion that the motion was in the proper form and properly granted.

The last contention of appellants, that the objection that the action was not commenced in time should have been taken by answer, is untenable. No statute of limitations, as contemplated by the Code of Civil Procedure of this state, is involved. The motion to dismiss the proceeding was based upon the theory that appellants had failed to commence the action within a reasonable time, by the service of the summons in some manner recognized by law. Assuming that appellants might

have taken the 60 days provided for in section 4858 to have served the summons, or to have made the first publication of the summons, they took no advantage of the provision, but for more than a year after that time had expired failed to make any service. The fact that they attempted to get service upon the respondents by the service upon John R. Wilson cannot avail them, as all persons are charged with a knowledge of the law. We conclude, therefore, that the order and judgment of dismissal were properly made, and the judgment of the circuit court is affirmed.